UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN LYNDON PERRY, SR.,

    Plaintiff,

v.                                        Case No. 19-C-410

TOM BURLING, et al.,

    Defendants.

## ORDER

Plaintiff John Lyndon Perry, Sr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Tom Burling and Debra Bellin violated his constitutional rights when they ignored his complaints and requests for a CPAP machine to treat his sleep apnea. The court screened Plaintiff's complaint on May 2, 2019, and allowed Plaintiff to proceed on claims of deliberate indifference and negligence against Defendants. Defendants filed their answer on July 2, 2019. Plaintiff filed an amended complaint on July 12, 2019. The court will screen the amended complaint pursuant to 28 U.S.C. § 1915A.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S.

25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In his amended complaint, Plaintiff claims that he suffers from high blood pressure, diabetes, and sleep apnea. In 2018, Plaintiff was transferred from the Milwaukee County Jail to Dodge Correctional Institution (DCI). Upon his arrival at DCI, Plaintiff submitted several health services requests (HSR) to the Health Services Unit (HSU) complaining that he had difficulty breathing at night and requesting that he be provided with a CPAP machine or be allowed to have his personal machine sent to the institution. Plaintiff presented to an appointment with a health care provider, shortly after arriving at DCI, and advised the provider that he had sleep apnea. He alleges that the provider told him he would be provided with a CPAP machine and fitted Plaintiff for a mask.

On October 25, 2018, Plaintiff submitted an HSR complaining about his sleep apnea and asking when he would receive a CPAP machine. Plaintiff sent another HSR on November 17, 2018, asking about the status of the CPAP machine and explaining hat he wakes up at night with a

2

chocking sensation and shortness of breath. Plaintiff alleges that the November 17, 2018 HSR was forwarded to RN Tom Burling, but Burling never saw Plaintiff or treated him.

On December 5, 2018, Plaintiff was transferred to Redgranite Correctional Institution (RGCI). Plaintiff submitted an HSR on December 21, 2018, complaining that he was not able to breathe due to his sleep apnea and explaining that he needed a CPAP machine. The following day, Plaintiff received a response from RN Bellin, who indicated that Plaintiff was scheduled to be seen in HSU. Plaintiff alleges Bellin never saw Plaintiff about his complaints.

On January 9, 2019, Plaintiff submitted another HSR to the HSU manager stating that he was afraid he might die in his sleep because he is unable to breathe without a CPAP machine. He submitted an inmate complaint on January 22, 2019, informing staff that he was sleeping on the floor underneath his bed so that he can put his face up against the vent to get the proper air to breathe. Plaintiff claims that he suffered physical pain and injury as well as cognitive and psychological injuries.

Plaintiff requests the following relief from the court: (1) a declaratory judgment that the defendants violated his Eighth Amendment rights; (2) an injunction requiring that the defendants provide Plaintiff with the sleep apnea equipment he needs; (3) an award of $250,000 for his Eighth Amendment claim; (4) an additional award of $250,000 to compensate Plaintiff for his physical pain and suffering; and (5) an award of $250,000 for his state law negligence claim.

The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that he receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's deliberate indifference to a prisoner's medical needs or to a substantial risk of serious harm to an

inmate violates the Eighth Amendment. *Id.* at 828; *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To state a claim of deliberate indifference, the complaint must contain sufficient allegations to establish that the inmate had an objectively serious medical condition and that the defendants were deliberately indifferent to that condition. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. Plaintiff alleges in the amended complaint that Burling and Bellin ignored his complaints and requests for a CPAP machine and that their refusal and delay in treatment resulted in physical pain and injury as well as cognitive and psychological injuries. The allegations in the amended complaint are sufficient to state a claim against Burling and Bellin. Plaintiff may also proceed on his state law negligence claim against Burling and Bellin. The court will exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(a).

Plaintiff has failed to state claims of deliberate indifference and negligence against the John/Jane Doe health care provider, however. The allegations in the amended complaint demonstrate that the provider approved Plaintiff's request for a CPAP machine to treat his sleep apnea. In other words, the provider did not ignore Plaintiff's complaints and sought to obtain the medical device for Plaintiff. As a result, the amended complaint does not contain allegations to support that John/Jane Doe health care provider was deliberately indifferent to Plaintiff's serious medical needs. In addition, Plaintiff has not alleged that the provider was negligent because the amended complaint does not contain allegations that the provider failed to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 227 Wis. 2d 124, 149, 595 N.W.2d 423

4

(1999). John/Jane Doe health care provider will therefore be dismissed as a defendant. The court will also dismiss K. Thompson as a defendant because the amended complaint does not contain any allegations against this defendant. The court finds that Plaintiff may proceed on his deliberate indifference and negligence claims against Burling and Bellin.

**IT IS THEREFORE ORDERED** that John/Jane Doe health care provider and K. Thompson are **DISMISSED** as defendants in this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, a copy of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the defendants.

**IT IS FURTHER ORDERED** that the defendants file a responsive pleading to the complaint.

Dated this  16th  day of July, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court